

FILED
NOV 09 2009
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JUAN GERARDO ROJAS, | |
| Petitioner, | CIV 09-3004 |
| -vs- | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of two counts of aggravated sexual abuse of AP, lesser included offenses of simple assault and assault by striking, beating, or wounding AP, and aggravated sexual abuse and abusive sexual contact of KH. AP and KH were the daughters of petitioner's former girlfriend, Toni Hernandez. Petitioner was acquitted of assaulting GME with a dangerous weapon. GME was the son of petitioner's then current girlfriend, Sheila Carpenter. Petitioner was sentenced to life imprisonment.

Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his convictions and sentence. Upon initial consideration, I denied the motion to vacate as to claims that counsel was ineffective in failing to object to the prosecution's evidence and failing to consult with an expert as to the admissibility and reliability of the prosecution's expert. I also denied the motion to vacate as to claims that I erred in denying the motion for a new trial. I ordered petitioner to supplement his motion to vacate as to his claims that counsel was ineffective in failing to conduct an adequate pre-trial investigation. Petitioner was afforded three months to do so.

Petitioner timely filed his supplement to the motion to vacate. In the supplement, petitioner asserts a new claim that counsel was ineffective in failing to call an expert witness as to child sexual abuse to rebut the government's expert's testimony that, in 90% of the cases of suspected sexual abuse of a female child, there are no physical findings consistent or inconsistent with sexual abuse. Petitioner contends that those cases "only involve touching and not

penetration." Petitioner contends that counsel should have offered expert testimony that "where there is penetration there are always changes in the hymen." Petitioner suggests that failure to consult with such an expert amounted to conceding that the physical evidence was indicative of sexual penetration.

I have been presiding over child sexual abuse cases for over 14 years. A significant portion of my criminal caseload unfortunately involves such cases. I have presided over hundreds of such cases. I reject outright petitioner's claim that counsel was ineffective in failing to call an expert witness to testify as set forth above. No attorney could find a competent medical expert who would testify as asserted by petitioner. Counsel was not ineffective in failing to call an expert witness as suggested by petitioner. Further, the government's expert did not testify that the physical evidence was indicative of penetration. She testified that the lack of physical evidence is neither consistent nor inconsistent with penetration.

In petitioner's supplement, he contends that counsel was ineffective in "failure to investigate a prior allegation of sexual abuse by the two victims in this case and their mother." Prior allegations of sexual abuse made by the victims' mother would have been wholly irrelevant and not admissible. The United States Court of Appeals for the Eighth Circuit has held:

> [I]n a sexual abuse case, evidence alleging that the accuser made prior false accusations may be excluded if the evidence has minimal probative value. And the propriety of excluding such evidence is strengthened where the prior incident is unrelated to the charged conduct, and where the defendant intends to use the evidence as part of an attack on the "general credibility" of the witness.

United States v. Tail, 459 F.3d 854, 860 (8th Cir. 2006) (internal citations omitted).

In rare cases, I admit evidence that alleged victims made prior false allegations of sexual abuse. Determining whether prior allegations were false could result in "mini-trials concerning allegations unrelated to [the petitioner's] case, and thus increase[] the danger of jury confusion and speculation." Id. at 861. Actual incidents of sexual abuse of children are many on the Indian Reservations. Abuse of Indian women and children is a national disgrace. It is not surprising at all that children have been sexually abused more than once. Who is to say what allegations are true or are false, especially as to young children? Such allegations do not necessarily come

2

within the exceptions to inadmissibility set forth in Fed. R. Evid. 412(b). As the Eighth Circuit has observed:

> Moreover, impeaching the victim's truthfulness and showing her capability to fabricate a story "are not recognized exceptions to Rule 412." "In the absence of an applicable exception, Rule 412 specifically bars admission of evidence of the past sexual behavior of an alleged rape victim." Accordingly, the district court acted well within its discretion . . . in preventing the defense from introducing any other evidence of [the victim's] allegedly false prior accusation.

United States v. Withorn, 204 F.3d 790, 795 (8th Cir. 2000) (internal citations omitted).

Petitioner can not prevail on his claim that counsel was ineffective in failing to investigate prior allegations of sexual abuse. Petitioner cannot prove prejudice by demonstrating that, absent counsel's alleged error, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L. Ed. 2d (1984).

Petitioner contends that counsel was ineffective in failing "to investigate, locate and call witnesses during trial." In my prior order, I held:

> However, petitioner must identify who the witnesses were that he contends should have been interviewed. Counsel subpoenaed ten witnesses and called seven witnesses to testify.
>
> In addition to identifying what witnesses should have been interviewed, petitioner would be required to produce an affidavit from any witness that he contends should have been interviewed, or make some other substantial showing as to what the witness would have allegedly said had the witness been interviewed or called to testify. *See* Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989). Petitioner would further be required to show that counsel was informed of the existence of any witnesses not called to testify.

I ordered petitioner to supplement his motion as to his claims that counsel was ineffective in failing to conduct an adequate pre-trial investigation. He has failed to do so. He merely makes unsupported conclusions that he was prejudiced by counsel's failure to investigate, locate, and call witnesses. "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978). The supplement fails to set forth "sufficient

allegations of facts which, if true, would justify relief." See Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980).

Petitioner contends that counsel failed "to put into evidence video tapes, audio tapes, and/or (sic) transcripts of the forensic interviews of the child witness/victims. Petitioner contends that such exhibits would have shown that the forensic interviewer suggested false allegations to the victims. The video tapes were marked as exhibits on the government's exhibit list but were not offered. They would not have been allowed in the government's case because the victims testified at trial. I am unable to determine, on the present record, whether or not the videos show that the interviewer impermissibly suggested false allegations to the victims.

Finally, petitioner contends that counsel was ineffective in failing to interview witnesses Ellen Cuny and Eva Fallis, failing to cross-examine Cuny, and in allowing Fallis' testimony in without prior knowledge that the prosecutor was going to call her. Defense counsel has no right to insist that witnesses submit to an interview. Counsel cannot be deemed ineffective in failing to conduct a pre-trial interview of the government's witnesses.

The witnesses at issue did not testify substantively about the offenses charged. They merely related how the children came to the attention of authorities. GME and his mother, Sheila Carpenter, were living with the petitioner when authorities were called to investigate the alleged physical abuse of GME by petitioner. Fallis, an advocate at Child's Safe Place was present for GME's medical examination in conjunction with the alleged physical abuse. She had also worked with Toni Hernandez at the shelter and knew that Hernandez had formerly lived with the petitioner. She testified that, based upon the allegations of abuse of GME, she called Hernandez and advised her to take her children to a counselor. Hernandez took them to see Cuny. Cuny, a counselor for Indian Health Services, testified that when she talked to AP about "good touching and bad touching," Cuny "[s]aw this little girl start to flood gate. She started crying and telling more and more" about being sexually abused by petitioner. Cuny reported the alleged abuse to Social Services and made arrangements to have AP interviewed by Lora Hawkins at Black Hills Pediatrics. Defense counsel did not cross examine Cuny. Petitioner does not identify specifically what counsel should have asked on cross examination. I find that, based upon the trial testimony of AP and KH, there is no "reasonable probability that the result of the proceeding

4

would have been different" had counsel cross-examined Cuny and objected to Fallis' testimony. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L. Ed. 2d (1984)).

Based upon the foregoing,

IT IS ORDERED:

1. The motion to vacate, Doc 1, is denied as to all claims made in the motion and in the supplement except the claim that counsel was ineffective in failing to seek the admission of video tapes of the forensic interviews of the children to show that the interviewer impermissibly suggested sexual abuse to the children.

2. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before December 1, 2009. The answer shall address only whether counsel was ineffective in failing to seek the admission of video tapes of the forensic interviews of the children.

Dated this 9th day of November, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Paepke
                  DEPUTY
   (SEAL)