UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
FEB 02 2010

*******************************************************************************

| | | |
|---|---|---|
| JUAN GERARDO ROJAS, | * | CIV. 09-3004 |
| Petitioner, | * | |
| | * | REPORT AND RECOMMENDATIONS |
| -vs- | * | FOR DISPOSITION OF MOTION |
| | * | UNDER §2255 TO VACATE, SET |
| UNITED STATES OF AMERICA, | * | ASIDE OR CORRECT SENTENCE |
| Respondent. | * | |

*******************************************************************************

The above-captioned 28 U.S.C. §2255 case was referred to the Court pursuant to 28 U.S.C. §636(b)(1)(B), for the purpose of conducting any necessary hearings, including evidentiary hearings, and submitting proposed findings of fact and recommendations for disposition thereof.[1] Having carefully reviewed and considered all of the records on file and in the underlying criminal case, the Court does now make and propose the following findings, report and recommendations for disposition of the case.

I.

A jury found Petitioner, Juan Gerardo Rojas (Rojas), guilty of sexually abusing his former girlfriend's two daughters, A.P. and K.H., and to physically assaulting the younger of the two girls, A.P. The jury, however, acquitted Rojas of assaulting G.M.E., the son of another girlfriend, with a dangerous weapon. Rojas was thereafter sentenced to life imprisonment.

---

[1] The referral was made by the Honorable Charles B. Kornmann, United States District Judge.

On appeal, Rojas challenged the district court's denial of his new trial motion and requested an evidentiary hearing based on post-trial recantations allegedly made by A.P. Rojas also raised a sufficiency of the evidence claim and argued that the court erred in two separate determinations it made relating to the calculation of his advisory guideline sentencing range. The court of appeals affirmed as to the sufficiency of the evidence and sentencing rulings. The appellate court, however, held that Rojas was entitled to an evidentiary hearing on the purportedly recanted testimony, vacated the order denying Rojas a new trial and remanded the case for such a hearing. United States v. Rojas, 520 F.3d 876, 877-78 (8th Cir. 2008).

The district court subsequently conducted an evidentiary hearing at which A.P. and her mother both testified. The court found that A.P.'s supposed recantations, made shortly after trial, were not credible and that her testimony would probably not produce an acquittal on retrial. The court again denied Rojas' motion for a new trial.

Rojas then filed a timely motion under §2255 to vacate, set aside or correct his convictions and sentence. After conducting an initial consideration of the motion and the supplement thereto, the district court dismissed all of Rojas' claims, save one, referred the case to the Court and directed that Respondent, United States of America (Government), file an answer and brief.

In accordance with the district court's referral order, the Court reviewed the record, including the Government's response and brief, the videotapes and reports of the forensic interviews of A.P. and K.H. as well as the affidavit of trial counsel. Being fully advised, the

Court does now issue this report and makes the following recommendations concerning the disposition of Rojas' remaining ineffective assistance of counsel claim.

II.

Although Rojas has not filed a motion or otherwise requested that counsel be appointed for him, in light of the district court's referral order, the Court must nonetheless decide whether he is entitled to the appointment of counsel in this instance.

At the outset, it must be observed that there is neither a constitutional nor a statutory right to counsel in §2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Baker v. United States, 334 F.2d 444, 447-48 (8th Cir. 1964); see also Advisory Committee Notes to Rule 1 of the Rules Governing Section 2255 Proceedings (§2255 Rules) (1976 Adoption) ("The fact that a motion under §2255 is a further step in the movant's criminal case rather than a separate civil action . . . does not mean that proceedings upon such a motion are of necessity governed by legal principles which are applicable at a criminal trial regarding such matters as counsel, presence, confrontation, self-incrimination and burden of proof.") (emphasis in the original)). Instead, the appointment of counsel is committed to the discretion of the reviewing court. Davis v. Scott, 94 F.3d 444 (8th Cir. 1996); Baker, 334 F.2d at 447-48.

A court, however, may appoint counsel in a §2255 case if the interests of justice so require. 18 U.S.C. §3006A(a)(2)(B); 28 U.S.C. §2255(g). If the court conducts an evidentiary hearing, the appointment of counsel is mandatory. Rule 8(c) of the §2255 Rules ("[I]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A.") (emphasis

3

added)); see also Green v. United States, 262 F.3d 715, 716-19 (8th Cir. 2001); Roney v. United States, 205 F.3d 1061, 1063 (8th Cir. 2000). If no evidentiary hearing is necessary, the appointment of counsel is discretionary. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994); Yellow Hawk v. United States, 314 F.Supp.2d 921, 927 (D.S.D. 2004).

In exercising its discretion, a court should first determine whether the §2255 movant has presented a non-frivolous claim. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.), cert. denied, 513 U.S. 857 (1994); Abdullah v. Gunter, 949 F.2d 1031, 1035 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992). If the movant has presented only a claim that is frivolous or clearly without merit, the court should dismiss the case without appointing counsel. Rule 4 of the §2255 Rules. If the movant has presented a non-frivolous claim, the court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the movant and the court to such an extent that "the interests of justice so require it." §3006A(a)(2)(B); Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995); see also Gunter, 949 F.2d at 1035. In determining whether the appointment of counsel is necessary for a movant seeking relief with a non-frivolous claim, the court should consider the legal and factual complexity of the case, the presence or absence of conflicting testimony, the movant's ability to investigate and present claims and any other relevant factors. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis, 94 F.3d at 447.

Applying these factors to the case at hand, the Court concludes that the interests of justice do not require the appointment of counsel. The remaining claim, while not frivolous or plainly devoid of any colorable merit on its face, is nonetheless not one that is legally or factually complex, that involves discordant testimony or that requires further fact

4

investigation. McCall, 114 F.3d at 756; Yellow Hawk, 314 F.Supp.2d at 927. It is evident that Rojas understands the issues involved and has appropriately articulated them. Yellow Hawk, 314 F.Supp.2d at 927; see also United States v. Two Shields, No. 1:06-cr-19, 2008 WL 2788423 at *1 (D.N.D. July 16, 2008). Moreover, his motion and supplemental filing, wherein he raised and explained his ineffective assistance of counsel claim, are sufficiently clear to enable to the Court to determine whether §2255 relief is warranted. See Nachtigall, 48 F.3d at 1082; United States v. Hill, 171 F.Supp.2d 1032, 1036 (D.S.D. 2001). And, because the videotapes in question have been produced and are part of the court file, Rojas' claim can be resolved on the basis of the record now before the Court. See Hoggard, 29 F.3d at 472; Hill, 171 F.Supp.2d at 1036. Finally, Rojas' likelihood of succeeding on his claim does not support the appointment of counsel here. See United States v. Waite, 382 F.Supp.2d 1, 2-3 (D.D.C. 2005). For these reasons, the Court finds it unnecessary to appoint counsel for Rojas and declines to do so.

### III.

The district court, in is referral order, directed the Court to determine whether an evidentiary hearing was required to properly adjudicate Rojas' claim that trial counsel was ineffective for failing to seek the admission of videotapes conducted of A.P. and K.H.'s forensic interviews. Although Rojas did not request an evidentiary hearing, the Court is duty bound, under Rules 4(b) and 8(a) of the §2255 Rules, to decide if an evidentiary hearing is mandated or otherwise called for to dispose of his claim.

An evidentiary hearing need not be held "if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true

5

because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004)). Likewise, an evidentiary hearing is not required "where the records and files of the case conclusively show that the movant is not entitled to relief." Kingsberry v. United States, 202 F.3d 1030, 1032-33 (8th Cir.), cert. denied, 531 U.S. 829 (2000); Blankenship v. United States, 159 F.3d 336, 337 (8th Cir. 1998), cert. denied, 525 U.S. 1090 (1999).

Rojas' contention that the forensic interviewer impermissibly suggested false allegations to A.P. and K.H. is contradicted by the evidence of record, and in particular, the videotapes themselves and the reports prepared by the interviewer. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (the movant's assertions relating to trial counsel's performance were contradicted by the trial transcript); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) ("a claim may be dismissed without an evidentiary hearing . . . if the record affirmatively refutes the factual assertions upon which it is based"). And, with the videotapes and reports having been submitted by the Government with its response, Rojas' claim is now one that is capable of resolution from the record. Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record. . ." and, therefore the court "was not required to hold an evidentiary hearing."); see also Petersen v. United States, 352 F.Supp.2d 1016, 1019 (D.S.D. 1995). After viewing the tapes and reading the reports as well as all of the records on file in both this and the criminal cases, the Court is convinced that Rojas cannot prevail on his claim. Saunders v. United States, 236 F.3d 950,

952-53 (8th Cir.), cert. denied, 533 U.S. 917 (2001); see also United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005).

Rojas is therefore not entitled to an evidentiary hearing and the Court shall proceed to dispose of his motion and the supplement to it in a summary manner "as justice dictates." See Rules 4(b) and 8(a) of the §2255 Rules.

IV.

The sole claim left to be decided is one based on ineffective assistance of trial counsel. As a §2255 movant, Rojas faces a heavy burden under the two-part Strickland test to establish that his counsel's assistance was ineffective. To prevail on his ineffectiveness claim, Rojas must show both (1) that counsel's performance was deficient, i.e., fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); see also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

"Judicial scrutiny of [trial] counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. A court must "indulge a strong presumption" that counsel's conduct was reasonable and that counsel "made all significant decisions in the exercise of reasonable, professional judgment." Id. at 689-90. When reviewing counsel's performance, a court must avoid using the "distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." Id. at 689. "[I]t is all too easy for a court, examining counsel's defense after it is proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id.

"[A]ny deficiencies in [trial] counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692. The burden is on the movant to prove, by a preponderance of the evidence, that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Applying these precepts to the present case leads inescapably to the conclusion that Rojas has failed to meet the rigid standards of Strickland and its progeny and therefore cannot prevail, or obtain §2255 relief for, his ineffective assistance of counsel claim.

V.

Rojas maintains that trial counsel was deficient when he failed "to put into evidence videotapes, audio tapes, and/or transcripts of the forensic interviews of the child witness/victims." Rojas v. United States, No. Civ. 09-3004, 2009 WL 3764011 at *3 (D.S.D. Nov. 9, 2009). According to Rojas, these tapes and transcripts "could have corroborated false allegations by [the] victims and [the] victims' mother and shown suggested allegations of abuse by [the] forensic interviewer and that [the] witness/victims['] allegations were not o[f] their own recollection." Docket No. 9 at 5.

In his affidavit, trial counsel states that he discussed with Rojas the forensic interviews of A.P. and K.H. and the "trial strategy relating to arguing that the children were impermissibly led during the questioning process." Docket No. 16 at 1. After doing so and reviewing, with Rojas, the interviewer's questions to A.P. and K.H., counsel was convinced that there was not "any potential grounds for impeachment" of either the questioning or the

answers given by them in response to the same. Id. Counsel opined that the interviewer did not impermissibly lead A.P. and K.H. during their interviews, and that the children's answers "were detrimental in the extreme to Rojas' case." Id. Counsel accordingly urged Rojas, as a matter of trial strategy, not to try to introduce either the tapes or transcripts of A.P. and K.H.'s statements at trial. Docket 16 at 2. Counsel avers that Rojas agreed and did not want the tapes or the transcripts of them, admitted into evidence. Id.

Good reasons exist for giving such advice to Rojas. The videotapes:

1. Reenforced A.P. and K.H.'s trial testimony with images, sounds and details;

2. Engendered sympathy for both girls and made their descriptions of the charged events more credible;

3. Portrayed Rojas as being mean, foul mouthed, jealous, controlling and a drunk; and

4. Implicated him in other uncharged crimes, wrongs or acts.

While these tapes could have possibly been used to impeach A.P. and K.H.'s testimony in some ways, the tapes would have been far more injurious than beneficial to Rojas' case. Regardless, counsel was able to establish, on cross-examination, that some of the statements A.P. made on tape to the forensic interviewer were not true. See e.g. T. Tr. 37-38.

In any event, trial counsel's decision not to use the videotapes as impeachment evidence at trial was an informed, strategic choice based on what counsel perceived was best for Rojas and his case. This choice was a reasonably professional exercise of judgment and well within the bounds of competent counsel. Under the circumstances present, when viewed from counsel's perspective at the time, there can be little question, even without the

application of the presumption of adequate performance, that counsel's failure to seek admission of the tapes was sound trial strategy, eminently reasonable and not challengeable. See Parker v. Scott, 394 F.3d 1302, 1326 & n.8 (10th Cir. 2005); see also Merriam v. Warden, State Prison, No. TSRCV040004319S, 2007 WL 2034825 at **15-16 (Conn. Super. May 25, 2007), appeal dismissed, 111 Conn. App. 830, 960 A.2d 1115 (2008), cert. denied, 290 Conn. 915, 965 A.2d 553 (2009). Inasmuch as counsel's performance was not deficient, the Court need not address the prejudice prong of the Strickland test and Rojas' ineffectiveness claim can be disposed of without further ado. Strickland, 466 U.S. at 697.

Yet assuming, for a moment, that trial counsel was deficient in not offering the videotapes into evidence, Rojas was not prejudiced by this, to the degree that the result of the proceeding would have been different. Indeed, such evidence, presented to the jury, not only would have hurt Rojas' proclamations of innocence and made up lies, but quite likely, would have hastened and altered, to his detriment, the verdict that was returned against him. There can be little doubt, much less a reasonable probability, that the decision reached by the jury would not have been different had it considered, and had an opportunity to view, A.P. and K.H.'s taped interviews and the reports relating to the same. Id. at 695.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats [an] ineffective assistance of counsel claim. Here, there is a double failure." Id. at 700. Rojas has made "no showing that the justice of his [verdict] was rendered unreliable by a break down in the adversary process caused by deficiencies in his

[trial] counsel's assistance." Id. Nor was his trial "fundamentally unfair." Id. A priori, his claim, as well as his §2255 motion as a whole, must be dismissed.[2]

VI.

A movant is required to obtain a certificate of appealability (COA) from a district or circuit judge before appealing from the final order entered in a §2255 proceeding. 28 U.S.C. §2253(c)(1)(B). Fed. R. App. P. 22(b)(1); Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The district court is authorized to determine a COA if the movant has made a substantial showing of the denial of a constitutional right. §2253(c)(2); Miller-El, 537 U.S. at 336; United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005); Miller-El, 537 U.S. at 336; Garrett v. United States, 211 F.3d 1075, 1076 (8th Cir.) (per curiam), cert. denied, 531 U.S. 908 (2000). A substantial showing is a showing that an issue is debatable among reasonable jurists, a court could resolve the issue differently or the issue deserves further proceedings. Garrett, 211 F.3d at 1077; Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1977), cert. denied, 525 U.S. 834 (1998).

The Court is convinced that Rojas cannot satisfy this standard and make the requisite "substantial showing" with respect to his remaining ineffective assistance of counsel claim. The claim does not even come close to running afoul of the Constitution and, as a consequence, a COA, grounded on it, should be denied.

---

[2]Trial counsel has provided the original audiotape containing the alleged recantations made by A.P. to counsel approximately one month after Rojas' trial. These professed recantations were the subject of counsel's new trial motion, that was later decided by the court of appeals and the district court, and are outside the scope of the district court's referral order. The Court has therefore not addressed and, more importantly, determined whether the claimed recantations provide any basis for §2255 relief. As a precautionary measure, the tape, however, has been filed with the Clerk and made a part of the record in this case.

VII.

Based on the foregoing findings of fact and legal discussion and pursuant to §636(b) and Rule 8(b) of the §2255 Rules, it is hereby

RECOMMENDED that Rojas' ineffective assistance of counsel claim for relief, the only claim not decided in the district court's opinion and order filed on November 9, 2009, see Rojas, 2009 WL 3764011 at *4, be denied in all respects. It is further

RECOMMENDED that Rojas' motion under §2255 to vacate, set aside or correct sentence by a person in federal custody, Docket No. 1, as well as the supplement to it, Docket No. 9, be dismissed on the merits and with prejudice. It is further

RECOMMENDED that a COA, if one is sought by Rojas, be denied as to all issues and claims raised in both his §2255 motion and the supplement thereto.

Dated this 2nd day of February, 2010, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
        **Deputy**
**(SEAL)**

NOTICE

Failure to file written objections to the foregoing Report and Recommendations within 14 calendar days from the date of service shall bar an aggrieved party from attacking the Report and Recommendations before the United States District Judge assigned to review the case. See §636(b) and 8(b) of the §2255 Rules.